HANSEN, Circuit Judge,
dissenting in part and concurring in part.
While the court recites the proper standard for reviewing the state court proceedings, in my view it fails to adhere to that standard, and I therefore respectfully dissent from the court’s disposition of the Batson claim. I concur in the court’s disposition of Smulls’ ineffective assistance of counsel claims.
It bears repeating that a federal court “shall not ... grant[ ]” an application for a writ of habeas corpus to a prisoner in state custody unless the State courts’ adjudication of the prisoner’s claim:
(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
28 U.S.C. § 2254(d). In ruling on an application for a writ of habeas corpus, “a determination of a factual issue made by a State court shall be presumed to be correct,” unless rebutted “by clear and convincing evidence.” § 2254(e)(1). “[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.” Williams v. Taylor, 529 U.S. 362, 411, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (O’Connor, J., concurring).
I can find no clearly established Supreme Court precedent, and the court cites to none, that the Supreme Court of Missouri acted contrary to or unreasonably applied in rejecting Smulls’ Batson challenge. See Boyd v. Newland, 455 F.3d 897, 902 (9th Cir.2006) (holding that the state appellate court’s determination that appellant failed to establish a prima facie Batson case was entitled to deference even though the state trial court applied a more onerous state standard, where the state appellate court analyzed the Batson claim under the proper federal standard). The state trial court applied the Batson standard and rejected Smulls’ claim. On direct appeal, the Supreme Court of Missouri unanimously affirmed on the Batson claim, finding that Smulls objected to the prosecutor’s strike of Ms. Sidney as racially discriminatory, that the prosecutor offered race-neutral reasons for the strike, and that the defense argued that the stated reasons were pretextual. The Supreme Court of Missouri correctly articulated the Batson three-step standard, found that the prosecutor’s proffered reasons related to Ms. Sidney’s occupation and demeanor are reasons that have been found to be race neutral, and concluded that the trial court did not clearly err in overruling the Bat- *1117 son challenge. See State v. Smulls, 935 S.W.2d 9, 14-15 (Mo.1996) (en banc), cert. denied, 520 U.S. 1254, 117 S.Ct. 2415, 138 L.Ed.2d 180 (1997). This is not a case where the state courts misapplied Batson or its progeny by applying an incorrect legal standard. Cf. Fernandez v. Roe, 286 F.3d 1073, 1077 (9th Cir.) (remanding for an evidentiary hearing where the California state courts, following state law, “erroneously required a defendant to show a ‘strong likelihood’ of discrimination in order to establish a prima facie case rather than just an ‘inference’ of discrimination as required by Batson”), cert. denied, 537 U.S. 1000, 123 S.Ct. 514, 154 L.Ed.2d 395 (2002). There is nothing in the Supreme Court of Missouri’s analysis that is contrary to Batson. See U.S. Xpress Enterprs., Inc. v. J.B. Hunt Transport, Inc., 320 F.3d 809, 814 (8th Cir.2003) (concluding that the trial court engaged in “a full Batson analysis” where the objector made a Batson challenge, the proponent of the strike offered race-neutral explanations, both parties were allowed to argue their positions, and the trial court granted the motion without making any specific findings, implicitly finding the proponent’s reasons to be racially motivated); see also Messiah v. Duncan, 435 F.3d 186, 189 (2d Cir.2006) (holding that the trial court fulfills its “duty to rule” on the Batson third-step analysis “by expressing a clear intent to uphold or reject a strike after listening to the challenge, the race-neutral explanation, and the arguments of the parties”).
I similarly find no unreasonable determination of the facts in light of the evidence presented in state court. Our court is disturbed by the absence of specific fact-findings, as well as the state trial court’s purported refusal to recognize and assess all of the relevant circumstances (as we can do in the quiet of an appellate chambers, far removed from the press of an ongoing trial). However, federal law has never required explicit fact-findings, especially where a prima facie case is acknowledged and the prosecution is required to present specific nondiscriminatory reasons on the record. See Miller-El v. Cockrell, 537 U.S. 322, 347, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (“We adhere to the proposition that a state court need not make detailed findings addressing all the evidence before it.”). A trial court’s ruling on a Batson challenge is itself a fact-finding, and we have repeatedly upheld rulings made without additional reasoning. See U.S. Xpress Enterprs., Inc., 320 F.3d at 814; see also Wainwright v. Witt, 469 U.S. 412, 430, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985) (upholding state trial court’s dismissal of juror for cause and noting “that the judge was [not] required to announce for the record his conclusion that [the] juror ... was biased, or his reasoning. The finding is evident from the record.”). “Moreover, ... our deference to trial court fact-finding is doubly great when considering Batson challenges because of the unique awareness [on the part of the trial court] of the totality of the circumstances surrounding voir dire.” Simmons v. Luebbers, 299 F.3d 929, 942 (8th Cir.2002) (internal marks omitted), cert. denied, 538 U.S. 923, 123 S.Ct. 1582, 155 L.Ed.2d 314 (2003). By denying the Batson challenge, the trial court implicitly found that the prosecution’s strike was based on its concern with Ms. Sidney’s occupation and her demeanor, not her race. No other fact-findings were required. Our suggestions to federal trial judges that they are well advised to articulate their findings concerning the validity of the prosecutor’s asserted race neutral reasons are, of course, not binding on state court judges.
Under AEDPA, it is not just the trial court’s fact-findings that are presumed to be correct. The presumption, codified pre-AEDPA in § 2254(d), “applies to fac *1118 tual determinations made by state courts, whether the court be a trial court or an appellate court.” Sumner v. Mata, 449 U.S. 539, 547, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981) (subsequent history omitted). The statute “makes no distinction between the factual determinations of a state trial court and those of a state appellate court.” Id. at 546, 101 S.Ct. 764. As we noted in Jones v. Jones, 938 F.2d 838, 842-43 (8th Cir.1991), “Sumner requires us to also consider whether the [appellate court] made any finding of fact regarding the prosecutor’s peremptory challenges.” See also Weaver v. Bowersox, 241 F.3d 1024, 1031 (8th Cir.2001) (noting that factual findings made by state appellate courts are entitled to the same presumption of correctness as findings of state trial courts). The Supreme Court of Missouri considered the circumstances from the trial court record and found the prosecutor’s reasons to be the type typically found to be race neutral, and that the trial court did not clearly err in denying the challenge. These findings are supported by the state court record and are not unreasonable.
Further, the defense was allowed to respond to the prosecutor’s proffered reasons and argue that the stated reasons were pretextual. While the trial court did initially deny the motion for a mistrial immediately following the prosecutor’s proffered race-neutral reasons for striking Ms. Sidney, the trial court subsequently allowed the defense ample opportunity to make its argument that the proffered reasons were pretextual. The trial court did not limit the defense, but allowed it to make the record it chose to make, considered the arguments, and then denied the motion. The defense then asked that the peremptory strike be disallowed, which the trial court overruled. The following day, the defense again raised the Batson challenge.[3] The trial court allowed both parties to address the issue and supplement the record. The trial court once again denied the challenge. Given this extensive record, the trial court cannot be criticized for failing to afford the defense an opportunity to respond, nor do I think it can be fairly criticized for failing to consider the relevant circumstances the attorneys pressed upon it.
Our court also finds that the state trial court refused to consider all of the relevant evidence, particularly the race of the other prospective jurors. As I understand our court’s reasoning, it is troubled by the trial court’s remarks about “what it means to be black.” While I certainly do not condone or agree with the comments made by the state trial judge, I believe that our court improperly permits its judicial indignation at their content to cloud its review of the state court proceedings. The majority interprets the trial court’s statements as having placed an undue burden on the defense to establish the race of each venire person and then avoiding the Bat-son challenge when the defense failed to meet the allegedly imposed burden. However, it is evident from the record that the state trial court was aware that Ms. Sidney was the only black venire person when it first rejected the Batson challenge. The defense represented to the court that she *1119 was the only black venire person when it first challenged the strike and again when it renewed the challenge the following morning, and at no time did the prosecution ever dispute that fact. In short, the trial court did not make its rulings without considering the race of the prospective jurors or otherwise “avoid Batson ” (supra at 10) at all, but, to the contrary, it considered the challenge and the related evidence and arguments and made its ruling.
Our court appears to conclude, without citing any authority, that the trial court’s purported “refusal to consider all relevant circumstances” (supra at 11) relieves a habeas court of its obligation to apply the presumption of correctness to state court fact-findings as required by § 2254(e)(1). I must respectfully disagree. Prior to AEDPA, the presumption of correctness was contained in § 2254(d), which listed eight exceptions to the presumption. AEDPA’s amendments to § 2254 “jettisoned all ... [the] situations which previously swept aside the presumption.” Valdez v. Cockrell, 274 F.3d 941, 949 (5th Cir.2001), cert. denied, 537 U.S. 883, 123 S.Ct. 106, 154 L.Ed.2d 141 (2002). “The presumption of correctness erected in its place at § 2254(e)(1), now simply provides that unless the petitioner can rebut the findings of fact through clear and convincing evidence, those findings of fact are presumed to be correct.” Id.See also Miller-El, 537 U.S. at 358-59, 123 S.Ct. 1029 (Thomas, J., dissenting) (“Section 2254(e)(1) does not, as its predecessor did, create exceptions to factual deference for procedural infirmities.... Section 2254(e)(1) simply cannot be read to contain an implied sliding scale of deference.”) (noting that the majority opinion does not appear to conflict with this view). Thus, regardless of the court’s dispute with the extent of the evidence considered by the state trial court, we may reject the state court’s factual findings only if those findings are proven incorrect “by clear and convincing evidence.” § 2254(e)(1); see also Hall v. Luebbers, 341 F.3d 706, 713 (8th Cir.2003) (“Each step of the Batson inquiry involves a factual determination entitled to a presumption of correctness unless overcome by clear and convincing evidence.”).
The circumstance that was purportedly ignored — the race of each of the potential jurors — could support an inference that the prosecutor’s stated reasons were pre-textual, where the prosecution struck the only black juror. That fact alone, however, when considered together with the record as a whole, does not in this case provide the clear and convincing evidence necessary to rebut the presumption of correctness afforded to the state courts’ determination, particularly the state supreme court’s finding, that the prosecution’s strike was race neutral. Cf. Miller-El v. Dretke, 545 U.S. 231, 125 S.Ct. 2317, 2339-40, 162 L.Ed.2d 196 (2005) (holding that the state court’s acceptance of the prosecutor’s explanation for striking ten of the eleven qualified black venire persons was shown to be erroneous by clear and convincing evidence, including the prosecution’s use of the “jury shuffle,” disparate venire questions posed to black and white jurors, comparison of similarly situated black and white jurors, and the admitted practice of the Dallas County Prosecutor’s Office of removing minorities from juries). Nor does the court today suggest that it does. Further, the trial court’s objectionable comments were made after the defense had again informed the trial court that Ms. Sidney was the only black venire person, a fact not disputed by the prosecution at any time, and after the court had thrice rejected the Batson challenge. Batson is concerned with the prosecutor’s reasons for striking a juror, and the state trial *1120 court’s comments do not make the prosecutor’s proffered reasons any less race neutral or not asserted in good faith.
In summary, the court today fails to adhere to the narrow AEDPA standard by which we are bound. We are not permitted to grant habeas relief to a state prisoner because we would have ruled the objection differently had we been the state trial court, nor do we sit as a court of initial review over state trial judges. The state trial court permitted a full Batson inquiry and denied the objection after hearing the prosecution’s race-neutral reasons and the defense’s arguments of pretext. The Supreme Court of Missouri properly applied Batson, examined in detail the prosecutor’s reasons and found the race-neutral justifications for the strike to be credible, and affirmed. The Supreme Court of Missouri also found that the prosecutor had exercised a strike against a white juror that the court found was similarly situated, a finding that is not unreasonable. In my opinion, our court errs in summarily concluding, without citation to any Supreme Court case, that the Supreme Court of Missouri’s Batson analysis was an unreasonable application of clearly established Supreme Court precedent or an unreasonable determination of the facts. Further, our court points to no evidence, let alone clear and convincing evidence, that contradicts the state courts’ findings; we are therefore bound by the congressionally-created presumption that those findings are correct.
Finally, the court’s remand instructions are both perplexing and troubling. In my view, our duty in habeas proceedings, as was the district court’s duty, is to review the state court record as it stands, not to “reconstruct” the surrounding circumstances to determine anew, as in the first instance (but actually 14 years after the event), whether a strike was racially motivated. Each of the cases cited by the court that ordered a remand, supra at 12, involved state courts that failed to make a Batson ruling. The same is not true here. Under the strict standard governing this appeal, I would affirm outright the district court’s well reasoned denial of the § 2254 petition.

. Our court’s description of events is somewhat puzzling to the extent it suggests that the state trial court made its "I don't know what it means to be black” remarks upon the renewal of the Batson challenge the following morning. In fact, four pages of transcript (Appellant's App. at 22-26), during which the court allowed both parties to address the renewed Batson challenge and the court again overruled the challenge, precede the trial judge’s ill-advised comments. Only after the defense ignored the ruling and sought to insure that the record reflected that Ms. Sidney was the only black venire person did the trial court make the criticized remarks.